IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL ST CLAIR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | Civil Action No. 3:06-cv-1485-R |
| THE CITY OF PLANO, TEXAS, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant The City of Plano's Motion for Summary Judgment (Dkt. No. 33), Plaintiff Daniel St Clair's Response (Dkt. No. 39), and Defendant's Reply (Dkt. No. 40). After careful consideration of the motion and accompanying brief, the response, the evidence on file, the pleadings, and the law, the Court is of the opinion that the motion should be DENIED.

### I.  BACKGROUND

Plaintiff Daniel St Clair, representing himself, filed suit against the City of Plano contending that Plano violated the American with Disabilities Act (ADA) by screening applicants for the police force for disabling medical conditions. He alleges that in the interview process, before candidates have received even a conditional offer of employment, Plano requires candidates to answer questions about their medical history and provide Plano with their medical records.

The facts, viewed in the light most favorable to St Clair, are these: St Clair is a disabled veteran. He applied for a position with the Plano Police Department. After applying, Plano required him to provide a copy of his discharge paperwork – a copy of DD Form 214 Member-4.

That form put Plano on notice that St Clair was discharged from the military due to a disability rather than years of service.

After finishing in the top 11 candidates out of 100 on his written exam, Plano required St Clair to take a polygraph examination and to answer a "Health Condition Questionnaire for Polygraph Examination." The Health Condition Questionnaire asks questions like: "Have you ever been treated for serious sickness, Illness, or Disease in your lifetime?" and "Did you ever have a back, neck, spinal column or head injury?" and "Do you understand that you may be asked to verify the truthfulness of my health questionnaire with the polygraph?"

In addition to requiring St Clair to answer the Health Condition Questionnaire, a detective in the Plano Police Department solicited detailed information from St Clair about the "circumstances leading to [his] retirement from the Air Force." Then, when St Clair attended his oral interview, he was asked to "elaborate on the issue of [his] disability retirement." The interviews then referred to St Clair's military medical records, asking detailed questions about "specific medical procedures, regions of the body affected, recovery times and remarks by physicians." The Plano Police Chief later informed St Clair that he was disqualified from the position of police officer based on his oral interview.

St Clair claims that he can perform the duties of police officer in Plano. He trained specifically for the physical requirements of the job. In fact, he was working as a police officer in another city when he applied with the Plano Police Department.

## II. DISCUSSION

Defendant City of Plano moves for summary judgment on two grounds: 1) St Clair failed to plead and demonstrate a disability as defined by the ADAct, and 2) St Clair failed to follow

the provisions of the Texas Public Information Act in making a claim for violations of that statute.

The Court will only address the first ground for summary judgment.  Even under a liberal reading of St Clair's complaint, the Court finds no claim for relief for violations of the Texas Public Information Act.[1]  St Clair brings only one count, one claim for relief, for violations of the ADA based upon Plano's pre-employment medical screening.

### A.      Summary Judgment Standard

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact in the case and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, (1986); *Melton v. Teachers Ins. & Annuity Ass'n of Am.*, 114 F.3d 557, 559 (5th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.  *See Celotex*, 477 U.S. at 323; *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998).  Where the non-movant bears the burden of proof on a claim upon which summary judgment is sought, the movant may also discharge its initial burden by showing that there is an absence of evidence to support the nonmoving party's case.  *See Celotex*, 477 U.S. at 325.  Once the movant has met its initial burden, the non-movant must set forth specific

---

[1] Even if the Court construed the Complaint as seeking relief under the Texas Public Information Act, such violation would not give rise to federal question jurisdiction.

facts, by affidavits or otherwise, showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Edwards v. Your Credit, Inc.*, 148 F.3d 427, 431-32 (5th Cir. 1998). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

When weighing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988); *Thornbrough v. Columbus & Greenville R.R. Co.*, 760 F.2d 633, 640 (5th Cir. 1985). "[A] court 'should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses.'" *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 492 (5th Cir. 2001) (quoting *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 151 (2000)) (emphasis added). "Credibility determinations, the weighing of the evidence, and drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

Because St Clair is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe,* 449 U.S. 5, 9 (1980) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances, and *pro se* litigants are subject to less stringent standards than litigants who are represented by counsel. *Id.* Therefore in deciding Plano's Motion for Summary Judgment, the Court has given

St Clair's complaint, response and evidence the indulgent reading the law requires.

### B.     Plano's arguments miss the mark.

Plano argues that St Clair's ADA claim must fail because St Clair is not "a qualified person with a disability." Plano contends that St Clair has not shown he suffers a "physical or mental impairment that substantially limits one or more of the major life activities." 42 U.S.C. § 12102(2).

It is true that St Clair testified that he is "able to do most anything" and "does not have any physical limitations or impairment that would prevent him from performing in any position." But based on those facts the Court cannot leap to the same conclusion Plano suggests – that St Clair has failed to meet the threshold requirement that he is a "qualified individual with a disability," therefore his ADA claim must be dismissed.

St Clair did not claim that he has physical limitations that would prevent him from performing as a police officer. He claims that he was discriminated against because of his "record of such impairment" or because he was "regarded as having such impairment." *Id.* And his pleadings adequately provide a genuine issue of material fact on this issue such that he is entitled to a trial on the merits. St Clair contends that Plano obtained, reviewed, and then questioned him about his military medical history. He also contends that he was questioned about his discharge from the military for medical reasons and that it was Plano's discomfort with his medical records and his explanations about his injuries that led to his termination from the interviewing process.

So although St Clair has not claimed that he suffers an impairment that substantially limits one or more of the major life activities, that is not relevant here. He does claim – and

supports the claim with factual assertions – that Plano used a record of disability or a fear that St Clair had a disability – to deny him a job as a police officer.

### C.     Plano fails to address St Clair's claim of unlawful hiring practices.

Much of St Clair's case centers around his contention that Plano requires police officer candidates to submit to pre-employment medical screening in violation of the ADA.  In support of his contention, St Clair offers evidence of a general medical questionnaire given to applicants, a polygraph examination given to applicants in which they are required to answer questions about their medical history, and an oral interview in which applicants are required to discuss possible disabilities.  Further, he claims that Plano makes hiring decisions based on these pre-employment medical screenings.

During the pre-offer stage, the ADA prohibits employers from making any medical inquiry or requiring applicants to take a medical examination. 42 U.S.C. § 12112(d)(2)(A). During the pre-offer stage an employer may not ask any question that is "likely to elicit information about a disability." ADA Enforcement Guidance: Preemployment Disability-Related Questions and Medical Examinations Under the Americans With Disabilities Act of 1990 (EEOC Oct. 10, 1995).  And employers who make improper medical inquiries during the pre-offer stage of hiring violate the ADA and are subject to the same claims and damages available to any ADA plaintiff.

### III.  CONCLUSION

Because St Clair has presented a genuine issue of material fact regarding 1) that he is a qualified individual with a disability due to a record of impairment or being regarded as having

such an impairment, and 2) that Plano conducts illegal pre-employment medical screenings to cull its police officer candidates, Plano's motion for summary judgment is DENIED.

**IT IS SO ORDERED**

**ENTERED: May 3rd, 2007**

_____
**HON. JERRY BUCHMEYER**
**SENIOR UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**